IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| ROBERT JOSEPH BENGE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18CV648 |
| | ) | |
| RANDOLPH COUNTY, et al., | ) | |
| | ) | |
| Defendant(s). | ) | |

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Robert Joseph Benge, a prisoner of the State of Arizona, submitted a pro se complaint under 42 U.S.C. § 1983 and requests permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § l915(a). Plaintiff names a number of defendants from Randolph County, North Carolina, in his lawsuit, which relates to his arrest as a fugitive and subsequent detention in the Randolph County Jail prior to being sent to Arizona.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" this Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

Applicable here, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

The final ground for dismissal under 28 U.S.C. § 1915A(b)(2) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing

---

[1] Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity). Cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy").

In "Count One" of his Complaint, Plaintiff alleges that Defendant Officer P. Love and Lieutenant John Doe arrested him and that both Plaintiff and his sister advised them that Plaintiff needed medical treatment due to a recent fall and spinal cord injury. However, Love and John Doe did not take Plaintiff for treatment, but instead transported him to the Randolph County Jail. He further alleges that his arrest occurred without a valid warrant and that Love detained him even after being advised by a state magistrate, Defendant B.A. McPherson, that Plaintiff's detention was not justified and that Love needed to supply proper paperwork. In reviewing the Complaint, the Court concludes that Plaintiff states sufficient claims against Defendants Love and John Doe. As to Defendant Love, the Court will initiate a procedure set out below to allow for service of the Complaint, following an initial partial payment of the filing fee by Plaintiff. However, because Defendant John Doe remains unidentified at this time, service cannot occur. Plaintiff can attempt to identify John Doe for purposes of service through the discovery process in the case.

As for other Defendants named in "Count One" of the Complaint, the Archdale Police Department, Magistrate B.A. McPherson, and Randolph County, Plaintiff fails to state any claim against those Defendants. Plaintiff alleges that Defendant Archdale Police Department failed to properly train Defendants Love and John Doe and that it has a policy and practice of confining prisoners without proper medical treatment. Similarly, he alleges that the Department has policies and practices of not training and supervising its officers regarding fugitive affidavits and of detaining persons without an arrest warrant or other proper documentation. However, these allegations are entirely conclusory with no factual support except for Love and John Doe's alleged actions in the present case regarding Plaintiff. Because respondeat superior liability does not exist under § 1983, the Department cannot be held directly liable for the alleged actions of its officers. Likewise, Love and John Doe's alleged actions in this single instance do not establish the pattern or practice needed for liability under § 1983. See Parker v. Burris, No. 1:13CV488, 2015 WL 1474909, at *9-10 (M.D.N.C. Mar. 31, 2015) (unpublished), recommendation adopted, 2015 WL 2169148 (M.D.N.C. May 8, 2015), aff'd 623 F. App'x 82 (4th Cir. Nov. 23, 2015). Plaintiff does not allege any claim for relief against the Archdale Police Department at this time. If Plaintiff possesses factual support for his claims against the Department, he can amend or move to amend his Complaint as appropriate at that time.

Plaintiff alleges that Defendant McPherson kept him in custody and set a $50,000 secured bond based on insufficient paperwork. However, judges have absolute immunity for their judicial actions. Stump v. Sparkman, 435 U.S. 349 (1978). This immunity extends to

magistrates in extradition matters, with immunity being "vitiated only when the judicial officer acts in the clear absence of all jurisdiction." Pressley v. Gregory, 831 F.2d. 514, 517 (4th Cir. 1987). Such is not the case here. Even Plaintiff's own allegations and exhibits show that he was a parole absconder whom the State of Arizona wanted detained without bail. At least some paperwork to this effect existed at the time of Plaintiff's appearance before Defendant McPherson. One exhibit, a letter from the Arizona Department of Correction addressed to Plaintiff, even indicates that an active warrant was issued for Plaintiff. Plaintiff contends that the papers at his appearance were insufficient to warrant his arrest and detention, but this is far from so apparent that a "clear absence of all jurisdiction" existed. Defendant McPherson is immune from suit in this matter and Plaintiff's claims against him should be dismissed with prejudice.

Finally, Plaintiff claims in Count One that Randolph County is liable for improperly training and supervising Defendant McPherson. Like his allegations against the Archdale Police Department for the actions of Defendants Love and John Doe, this is a conclusory allegation based on only one event and really appears to be an attempt to improperly assert respondeat superior liability. Further, Randolph County cannot be liable for McPherson's actions in any event because magistrates are employees of the State of North Carolina, not the county in which they perform their duties. See Darling v. Falls, 236 F. Supp. 3d 914, 926 (M.D.N.C. 2017); N.C. Gen. Stat. § 7A-4 (creating a unified General Court of Justice in North Carolina); N.C. Gen. Stat. § 7A-130 (creating the district court division of the General Court of Justice); N.C. Gen. Stat. § 7A-170 (stating that magistrates are officers of the district

court).  The Eleventh Amendment of the United States Constitution bars claims for monetary damages against the State.  Darling, 236 F. Supp. 3d at 925-26.  Plaintiff states no potential claim for relief against Randolph County as to Count One of this Complaint and his attempted claim should be dismissed with prejudice.

Plaintiff sets out his remaining allegations in "Count Two" of his Complaint, which relates to Plaintiff's medical treatment after his arrival at the Randolph County Jail. Regarding Defendants Captain Hill, Nurse Jane Doe, and Southern Health Partners, Plaintiff sets out sufficient claims for relief. First Petitioner has alleged that he reported serious medical issues to Hill and Jane Doe, but did not receive proper medication or treatment. Second, Plaintiff has alleged that when he told Nurse Doe that he would see her in court because of the lack of treatment, she replied that she was not concerned because she followed the policies of Randolph County and Defendant Southern Health Partners.  These allegations are sufficient to state a claim at this point against Southern Health Partners, but Randolph County is a different matter.  As Plaintiff points out himself in his Complaint, the Sheriff is in charge of the Jail and its medical care.  In fact, under North Carolina law, "the sheriff has exclusive custody and control over the jail in his county." Wiley v. Buncombe County, 846 F. Supp. 2d 480, 486 (W.D.N.C.) (citing N.C. Gen. Stat. 162-22), aff'd, 474 F. App'x 285 (4th Cir. 2012).  A contrary statement by Nurse Jane Doe does not change the law and Plaintiff sets out no facts supporting control over Jail policy or medical treatment by Randolph County.  The claim against Randolph County should be dismissed.  Plaintiff's claim against Hill, Nurse Doe and Southern Health Partners can proceed, but with the caveat

-6-

Case 1:18-cv-00648-LCB-LPA   Document 3   Filed 09/13/18   Page 6 of 9

that Plaintiff will have to identify Nurse Jane Doe through discovery before service can occur as to her.

The remaining Defendant in the case is Randolph County Sheriff Robert Graves. Graves is generally in charge of the Randolph County Jail as just set out, but this alone does not amount to the level of personal responsibility required for a claim under § 1983. Plaintiff alleges that he called Graves' office and left messages with his secretary regarding Plaintiff's circumstances generally. However, Plaintiff does not detail the messages he allegedly left. For that reason, Plaintiff's claim against Graves is conclusory and insufficient to state an individual claim for liability at this time. Likewise, as discussed in relation to other Defendants, Plaintiff sets out nothing more than conclusory allegations that the Sheriff maintained any policy or custom that would subject him to an official capacity claim. Therefore, any claims against the Sheriff should be dismissed without prejudice to Plaintiff adding sufficient allegations at a later date if he is able to do so.

As for Plaintiff's request to proceed in forma pauperis, § 1915(b)(1) requires that he make an initial payment of $1.26. Failure to comply with this Order will lead to dismissal of the complaint.

IT IS THEREFORE RECOMMENDED that Plaintiff's claims set out against Randolph County in Count Two, Sheriff Robert Graves, and the Archdale Police Department be dismissed without prejudice for failure to state a claim upon which relief can be granted at this time.

IT IS FURTHER RECOMMENDED that Plaintiff's claim against Defendant B.A. McPherson and Randolph County in Count One be dismissed with prejudice based on McPherson's immunity from suit in this matter and the fact that Randolph County does not employ or supervise McPherson.

IT IS ORDERED that in forma pauperis status be granted for the sole purpose of entering this Order and Recommendation.

IT IS FURTHER ORDERED that within twenty (20) days from the entry of this Order Plaintiff make an initial payment of $1.26 (which represents 20% of the greater of the average monthly deposits into or the balance in Plaintiff's account for the 6-month period immediately preceding filing of this complaint).

IT IS FURTHER ORDERED that, as a condition of Plaintiff's proceeding *in forma pauperis*, Plaintiff's trust officer shall be directed to pay to the Clerk of this Court 20% of all deposits to his account starting with the month of October of 2018, and thereafter each time that the amount in the account exceeds $10.00 until the $350.00 filing fee has been paid.

IT IS FURTHER ORDERED that all payments shall be designated as made in payment of the filing fee for Civil Action No. 1:18CV648, and shall be paid to the Clerk, U.S. District Court for the Middle District of North Carolina. In the event Plaintiff is transferred to another institution, the balance due shall be collected and paid to the Clerk by the custodian at Plaintiff's next institution. A copy of this Order shall be sent to Plaintiff's current custodian.

IT IS FURTHER ORDERED that this action be filed, but that further proceedings and service of summons as to the remaining Defendants be stayed until Plaintiff has either (1) submitted to the Court the initial payment noted above, or (2) in the alternative has submitted a motion for relief from the stay, and a statement made under penalty of perjury that he has not had access to any funds for the initial payment noted above for the 60-day period.

FAILURE TO COMPLY WITH THIS ORDER IN A TIMELY MANNER WILL RESULT IN DISMISSAL OF THIS ACTION WITHOUT FURTHER NOTICE TO PLAINTIFF.

This, the 13th day of September, 2018.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**